# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF MICHIGAN
# SOUTHERN DIVISION

**BLUE CROSS BLUE SHIELD OF MICHIGAN,**

    Plaintiff,

v.

**CORIZON HEALTH, INC.,**

    Defendant.

Case No. 22-cv-11598

Removed from the Circuit Court of Macomb County, Michigan
Case No. 2022-002172-CB

## DEFENDANT'S ANSWER TO COMPLAINT AND AFFIRMATIVE DEFENSES

Defendant Corizon Health, Inc. ("Corizon"), by and through their undersigned attorneys, hereby answers Plaintiff's Complaint as follows.

## GENERAL ALLEGATIONS

1. Corizon admits the allegations set forth in Paragraph 1 of the Complaint on information and belief.

2. Corizon admits the allegations set forth in Paragraph 2, with the clarification that Corizon does not provide services in every state and is not interpreting "nationwide" in such a manner.

3. As to the allegations set forth in Paragraph 3, Corizon admits only that it contracted with the State of Michigan to provide healthcare services at numerous facilities across the State. However, Corizon denies as untrue that it presently has

an office in Lansing, Michigan.

4. Corizon admits the allegations set forth in Paragraph 4.

5. As to the allegations set forth in Paragraph 5, Corizon admits only that it conducted business in Macomb County, Michigan. However, Corizon contests venue being proper in the Macomb County Circuit Court because the action has been properly removed to this Court. Corizon does not contest venue in this Court.

6. As to the allegations set forth in Paragraph 5, Corizon admits only that the amount in controversy exceeds $25,000.00. However, Corizon contests jurisdiction in the Macomb County Circuit Court because the action has been properly removed to this Court. Corizon does not contest jurisdiction in this Court.

## FACTUAL BACKGROUND

7. Corizon restates its responses in the allegations of Paragraphs 1–6.

8. Corizon admits the allegations set forth in Paragraph 8.

9. Corizon neither admits nor denies the allegations of Paragraph 9 because it lacks knowledge or information sufficient to form a belief as to the truth of such allegations.

10. Corizon admits the allegations set forth in Paragraph 10.

11. As to the allegations set forth in Paragraph 11, Corizon admits only that the Contract requires it to reimburse Plaintiff for all valid claims incurred prior to September 29, 2021, but demands strict proof of the validity of the claims submitted

and, as such, neither admits nor denies those allegations because it lacks knowledge or information sufficient to form a belief as to the truth of such allegations.

12. Corizon admits the allegations set forth in Paragraph 12 as they are stated, but denies as untrue that the amount of the invoice is actually owed.

13. Corizon denies as untrue the allegations set forth in Paragraph 13. The allegation as written is not limited to the amount of the invoice attached as Exhibit B, and Corizon has made payments toward other amounts. Further, Corizon denies as untrue that the amount shown on the invoice attached as Exhibit B is actually owed.

14. As to the allegations set forth in Paragraph 14, Corizon admits only that Plaintiff mailed a demand letter to Defendant dated March 18, 2022 demanding payment of the amount shown on the invoice in Exhibit B. However, Corizon denies as untrue that the letter "detail[ed] the amount" demanded and denies as untrue that the amount was actually due and owing.

15. Corizon denies as untrue the allegations set forth in Paragraph 15.

16. Corizon denies as untrue the allegations set forth in Paragraph 16. The allegation as written is not limited to the amount of the invoice attached as Exhibit B, and Corizon has made payments toward other amounts. Further, Corizon denies as untrue that the amount shown on the invoice attached as Exhibit B is actually owed or overdue.

17. Corizon denies as untrue the allegations set forth in Paragraph 17.

## Count I

18. Corizon restates its responses to the allegations of the above paragraphs as if fully set forth herein.

19. Corizon admits the allegations set forth in Paragraph 19.

20. Corizon neither admits nor denies the allegations of Paragraph 20 because it lacks knowledge or information sufficient to for a belief as to the truth of such allegations.

21. Corizon denies as untrue the allegations set forth in Paragraph 21.

22. Corizon denies as untrue the allegations set forth in Paragraph 22.

## Count II

23. Corizon restates its responses to the allegations of the above paragraphs as if fully set forth herein.

24. Corizon admits the allegations set forth in Paragraph 24, subject to the clarification that there were requirements set forth in the Contract for reimbursement to be made.

25. Corizon admits the allegations set forth in Paragraph 25.

26. Corizon denies as untrue the allegations set forth in Paragraph 26.

27. Corizon denies as untrue the allegations set forth in Paragraph 27 on the basis that the amount demanded is not owed.

28. Corizon denies as untrue the allegations set forth in Paragraph 28.

29. Corizon admits only that an affidavit purporting to verify the balance due is attached to the Complaint as Exhibit E, but denies as untrue that the amount is actually due.

### Count III

30. Corizon restates its responses to the allegations of the above paragraphs as if fully set forth herein.

31. Corizon admits the allegations set forth in Paragraph 31 upon information and belief, subject to the clarification that there were requirements set forth in the Contract for reimbursement to be made.

32. Corizon admits the allegations set forth in Paragraph 32 as stated, with the clarification that the benefits provided were not in the amount of payment demanded.

33. Corizon denies as untrue the allegations set forth in Paragraph 33.

34. Corizon denies as untrue the allegations set forth in Paragraph 34.

35. Corizon denies all allegations not specifically admitted herein.

36. Corizon denies that Plaintiff is entitled to the relief set forth in any of the unnumbered clauses beginning with the word "WHEREFORE." Corizon specifically notes that Plaintiff cites no basis for its demand for attorneys' fees, and the contract at issue contains no fee-shifting provision as to litigation between the

parties.

## AFFIRMATIVE DEFENSES

Defendant incorporates by reference in each Affirmative Defense set forth below the admission and denials of the above paragraphs of this Answer as if fully set forth herein.

## FIRST AFFIRMATIVE DEFENSE

Counts II and III fail to state a claim upon which relief may be granted because there is a valid contract in this matter that supersedes any quasi-contract claim for relief and the claims are not expressly pled in the alternative.

## SECOND AFFIRMATIVE DEFENSE

Defendant did not engage in any unlawful, wrongful, negligent, fraudulent, or malicious conduct against Plaintiff, is not liable to Plaintiff, and Plaintiff is not entitled to any relief or damages.

## THIRD AFFIRMATIVE DEFENSE

Plaintiff's claims are barred, in whole or in part, by its own prior material breach of the contract between the parties, which excused further performance by Corizon.

**WHEREFORE**, Defendant prays for judgment in its favor and against Plaintiff and that the Court dismiss Plaintiff's Complaint against Defendants and grant such other relief as the Court deems proper and just.

                BUTZEL LONG,

                Respectfully submitted,

                By: */s/ Phillip C. Korovisis*
                    Phillip C. Korovesis (P40579)
                150 W. Jefferson, Ste. 100
                Detroit, Michigan 48226
                (313) 225-7000
                korovesis@butzel.com
Date: July 20, 2022      Counsel for Defendant

                Russell B. Morgan (TN Bar No. 20218)
                *(pro hac vice admission to be requested)*
                BRADLEY ARANT BOULT CUMMINGS LLP
                Roundabout Plaza
                1600 Division Street, Suite 700
                Nashville, TN 37203
                615.252.2311 (phone)
                615.252.6311 (fax)
                rmorgan@bradley.com
                Counsel for Defendant

**CERTIFICATE OF SERVICE**

I hereby certify that on July 20, 2022, a copy of the foregoing was filed electronically with the Clerk's office by using the CM/ECF system and served electronically and/or via first-class U.S. mail, postage prepaid, upon all counsel as indicated below. Parties may also access this filing through the Court's ECF system.

                                                */s/ Phillip C. Korovisis*
                                                Phillip C. Korovesis (P40579)