UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

| | |
|---|---|
| BLUE CROSS BLUE SHIELD OF MICHIGAN,<br><br>    Plaintiff,<br><br>v.<br><br>CORIZON HEALTH, INC.,<br><br>    Defendant, | Case No. 22-cv-11598<br><br>Hon. Mark A. Goldsmith |

**JOINT PROPOSED RULE 26(f) DISCOVERY PLAN**

Plaintiff Blue Cross Blue Shield of Michigan ("Plaintiff" or "BCBS") and Defendant Corizon Health, Inc. ("Defendant" or "Corizon") (together, the "parties"), represented by the undersigned counsel, met by conference call on August 10, 2022. Pursuant to Fed. R. Civ. P. 26(f) and the Court's Order Regarding Telephonic Scheduling Conference (Doc. No. 5), the parties submit the following Joint Proposed Discovery Plan.

| Event | Proposed Deadline |
|---|---|
| Initial Disclosures under Fed. R. Civ. P. 26(a)(1) | September 15, 2022 |
| Lay Witness List | January 19, 2023 |
| Exhibit List | January 19, 2023 |
| Expert Witness List/Disclosures/Report – Plaintiff | January 26, 2023 |

| | |
|---|---|
| Expert Witness List/Disclosures/Report – Defendant | February 16, 2023 |
| Discovery – Fact and Expert | March 2, 2023 |
| Dispositive Motions & Motions to Limit/Exclude Expert Testimony | March 16, 2023 |
| Estimated Length of Trial | 3 to 4 days |

## I. BRIEF SUMMARY OF THE CASE

**Plaintiff:** In December of 2015, Plaintiff, Blue Cross Blue Shield of Michigan, and Defendant, Corizon Health Incorporated, signed an administrative services contract ("The Contract"), in which Plaintiff processed medical claims for incarcerated individuals at Michigan correctional facilities serviced by Defendant. BCBSM would receive claims for individuals incarcerated in the Michigan Department of Corrections system. BCBSM would process and pay those claims pursuant to the Contract with Corizon. BCBSM would then invoice Corizon for the claims it paid on its behalf along with an administrative service fee. Both parties performed under this contract until September 29, 2021, when Corizon terminated the Contract. Prior to the termination, Corizon had been paying BCBSM's invoices without objection. Pursuant to the terms of The Contract, Defendant is responsible for reimbursing Plaintiff for all fees incurred prior to September 29, 2021, which is the date the termination became effective.

Plaintiff provided an Invoice to Defendant detailing the amount owed, which totals $3,410,136.51. As of early 2022, Defendant had yet to make any payments towards the amount owed. Plaintiff mailed a demand letter to Defendant in March of 2022 detailing the amount due and owing. Defendant did not respond to this letter and did not object to the amount owed. As of today's date, Defendant has not provided any evidence to dispute the amount owed and has not made any payments towards the amount owed to Plaintiff.

Furthermore, Defendant has failed to provide any evidence to dispute the amount owed. Based upon Defendant's lack of evidence disputing the amount owed Plaintiff anticipates that it will move for summary judgment in this matter.

**Defendant:** Corizon is a correctional healthcare company. Corizon contracted with the State of Michigan to provide healthcare services at numerous facilities across the State. In December of 2015, BCBS and Corizon executed an administrative services contract (the "Contract"), pursuant to which Plaintiff processed medical claims on behalf of Corizon for individuals incarcerated at Michigan correctional facilities serviced by Corizon. The Contract contained several requirements that had to be satisfied for reimbursements to be made by Corizon to BCBS. Corizon terminated the Contract on or about September 29, 2021, and the termination became effective on September 29, 2021.

3

After termination of the Contract, BCBS demanded that Corizon pay it $3,410,136.51 in claims. Corizon denies the validity of many of the claims submitted by BCBS. Corizon further denies that it owes BCBS $3,410,136 and expressly submits that it made payments toward this amount. Finally, Corizon disputes that BCBS is entitled to attorneys' fees as the Contract has no fee-shifting provision as to litigation between the parties.

**II.   SUBJECT MATTER JURISDICTION**

Corizon removed this matter from the Circuit Court for Macomb County, Michigan on July 14, 2022 on the basis of diversity of citizenship pursuant to 28 U.S.C. § 1332(a) and 28 U.S.C. § 1441(a). BCBS did not move to remand this matter to the Circuit Court for Macomb County, Michigan. The parties agree that this Court has subject-matter jurisdiction over BCBS' Complaint pursuant to 28 U.S.C. § 1332(a).

**III.   RELATIONSHIP OF CASE TO OTHER CASES**

The parties agree that this matter has no relationship to any other pending or resolved matter(s).

**IV.   CONTEMPLATED AMENDMENTS**

**Plaintiff:** Blue Cross Blue Shield of Michigan does not anticipate amending its pleadings at this time.

**Defendant:** Corizon does not anticipate amending its pleadings at this time.

## V. FACILITATION/ARBITRATION/CASE EVALUATION

The parties are willing to participate in non-binding facilitation at the appropriate time in this case.

## VI. MOTIONS

**Plaintiff:** Based upon Defendant's lack of evidence disputing Plaintiff's Account Stated claim, Plaintiff is entitled to judgment as a matter of law in this case pursuant to Fed. R. Civ. P. 56 and Plaintiff anticipates filing a Motion for Summary Judgment. Plaintiff reserves the right to revise this response.

**Defendant:** Corizon does not anticipate filing any motions at this time. Corizon expressly reserves the right to revise this response.

## VII. SETTLEMENT

The parties consent to an early settlement conference and/or final settlement conference to be conducted by the Court, by another judicial officer, or by a third party mutually agreed upon by both parties.

## VIII. ANTICIPATED DISCOVERY, DISCOVERY ISSUES, ESI, PRIVILEGED MATERIALS, AND EXCHANGE OF CONFIDENTIAL INFORMATION

**Plaintiff:** At this time, Blue Cross Blue Shield of Michigan anticipates serving written discovery and requesting depositions pertaining to the following: (1) the execution, negotiation, and termination of the Contract; (2) any evidence or lack of evidence relating to Corizon's affirmative defenses in this matter; (3) Corizon's payments to Blue Cross Blue Shield between December of 2015 and into 2021; (4)

Corizon's failure to fully reimburse Blue Cross Blue Shield under the Contract; (5) Corizon's aforementioned denial of the amount owed; (6) communications and information related to Corizon's relationship as a Third Party Administrator for the Michigan Department of Corrections during all relevant times; and (7) all evidence relating to Corizon's financial situation, which may be used as an excuse for failing to pay. Blue Cross Blue Shield expressly reserves the right to modify this list of anticipated discovery topics.

**Defendant:** At this time, Corizon anticipates serving written discovery and requesting depositions pertaining to the following: (1) the execution, negotiation, and termination of the Contract; (2) BCBS' processing of medical claims on behalf of Corizon; (3) BCBS' satisfaction of the contractual requirements for reimbursements to be made by Corizon; (4) the validity of claims submitted for reimbursement by BCBS; (5) BCBS' demand for payment of $3,410,136.51 in claims; and (6) Corizon's prior payment of claims included within BCBS' $3,410,136.51 demand. Corizon expressly reserves the right to modify this list of anticipated discovery topics.

The parties anticipate being able to complete fact and expert discovery by March 2, 2023. The parties do not foresee any needed changes at this time to the limitations on discovery as set forth in the Federal Rules of Civil Procedure. The parties reserve their rights to request discovery beyond these limitations. The parties

further reserve the right to object to discovery or request a protective order regarding any discovery based on relevance or any other appropriate ground.

The parties have taken reasonable steps to preserve discoverable information related to this case. The parties do not anticipate any issues relating to the disclosure or discovery of electronically stored information nor any issues relating to claims of privilege or protection of trial-preparation materials. The parties will meet and confer in an effort to develop an electronically-stored information ("ESI") Protocol to govern the discovery of ESI, privilege logs, and the inadvertent disclosure of privileged information. The parties will also meet and confer (a) to develop a protective order to ensure that confidential and other sensitive information exchanged in discovery is adequately protected; and (b) to agree upon terms for remote depositions.

Respectfully submitted,

| | |
|---|---|
| KITCH DRUTCHAS WAGNER VALITUTTI & SHERBROOK | BUTZEL LONG |
| By:/s/ Gabe Sybesma<br>Gabe Sybesma (66632)<br>Paul Wilk Jr. (83691)<br>One Woodward Avenue, Suite 2400<br>Detroit, MI  48226-5485<br>*Attorneys for Plaintiff* | By:/s/ Phillip C. Korovesis<br>Phillip C. Korovesis (40579)<br>150 West Jefferson Ave., Suite 100<br>Detroit, MI 48226<br>313-225-7000<br>korovesis@butzel.com<br>*Attorney for Defendant* |

Date:  August 11, 2022

## CERTIFICATE OF SERVICE

I hereby certify that on August 11, 2022, a copy of the foregoing was filed electronically with the Clerk's office by using the CM/ECF system and served electronically upon all counsel as indicated below. Parties may also access this filing through the Court's ECF system.

                                                  */s/ Phillip C. Korovisis*
                                                  Phillip C. Korovesis