UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

| | |
|---|---|
| BLUE CROSS BLUE SHIELD OF MICHIGAN,<br><br>    Plaintiff,<br><br>v.<br><br>CORIZON HEALTH, INC.,<br><br>    Defendant, | CASE NO. 22-cv-11598<br><br>HON. MARK A. GOLDSMITH |

**CORIZON HEALTH, INC.'S BRIEF IN OPPOSITION TO PLAINTIFF'S <u>MOTION FOR SUMMARY JUDGMENT</u>**

# **TABLE OF CONTENTS**

**STATEMENT OF ISSUES PRESENTED** ........................................................... ii
**INDEX OF AUTHORITIES** ................................................................................ iii
**INTRODUCTION** ................................................................................................. 1
**ARGUMENT** ........................................................................................................ 2
  **I. PLAINTIFF'S MOTION SHOULD BE DENIED BECAUSE DEFENDANTS HAVE SUPPLIED THE PURPORTEDLY MISSING AFFIDAVIT** ........................................................................................ 2
**CONCLUSION** .................................................................................................... 4

## **STATEMENT OF ISSUES PRESENTED**

1. Whether Plaintiff is entitled to judgment in this action based entirely on the fact that an affidavit under MCL 600.2145 was not attached to Corizon's Answer?

    a. Corizon believes the answer is "no."

2. Whether Plaintiff's motion is rendered moot by the proposed amendment requested as part of Corizon's concurrently filed Motion to Amend?

    b. Corizon believes the answer is "yes."

# **INDEX OF AUTHORITIES**

**Cases**

*Klochko Equip. Rental Co. v. Vill. Green Const., L.L.C.*,
   No. 235599, 2003 WL 21398305 (Mich. Ct. App. June 17, 2003).......................4

*Mersen USA—Midland-MI, Inc. v. Graphite Machining Servs. & Innovations, LLC*,
   2012 WL 3060922 (E.D. Mich. July 26, 2012).....................................................3

**Rules**

Local Rule 7.1(a)................................................................................................................2

MCL 600.2145 ..................................................................................................... 1, 2, 3, 4

Defendant Corizon Health, Inc. ("Defendant" or "Corizon") submits this Brief in Opposition to Plaintiff Blue Cross Blue Shield of Michigan's ("Plaintiff") Motion for Summary Judgment. For the reasons set forth below, Corizon respectfully believes that the Court should deny Plaintiff's motion.

## INTRODUCTION

Plaintiff's Motion for Summary Judgment does not follow the traditional approach of contending that no genuine issues of material fact exist in this case. To the contrary, Plaintiff readily admits that Corizon *is* disputing the core factual issue of this "Account Stated" case—the amount Corizon purportedly owes Plaintiff. *See, e.g.*, ECF No. 13 at 13 ("Defendant claims the amount is not owed"). Instead, Plaintiff's Motion represents little more than an attempt at a "gotcha" resolution to this case via a procedural technicality that Plaintiff purports to have identified in Michigan law.

The sole issue Plaintiff raised by its Motion for Summary Judgment—whether it is entitled to judgment in this action based entirely on the fact that an affidavit under MCL 600.2145 (an "MCL 600.2145 Affidavit") was not attached to Corizon's Answer—is rendered moot by the proposed amendment requested as part of Corizon's concurrently filed Motion to Amend. That amendment, which Corizon submits the Court should grant for the reasons set forth in its separate motion and

1

brief, supplies the MCL 600.2145 Affidavit (attached here as **Exhibit A**) that Plaintiff complains is missing, and completely forecloses the possibility of summary judgment in favor of Plaintiff at this premature juncture. Indeed, had Plaintiff actually followed this Court's Local Rules (*see* LR 7.1(a)) and provided Defendant with the basis for its Motion for Summary Judgment before filing it, Corizon would readily have provided this MCL 600.2145 Affidavit and this wholly unnecessary round of summary judgment briefing could have been avoided.

## ARGUMENT

**I.   PLAINTIFF'S MOTION SHOULD BE DENIED BECAUSE DEFENDANTS HAVE SUPPLIED THE PURPORTEDLY MISSING AFFIDAVIT**

Plaintiff's single-issue motion rests entirely on its contention that "Plaintiff is entitled to judgment as a matter of law as Defendant . . . has failed to provide an affidavit to establish a genuine issue of material fact." ECF No. 13 at 17. Yet, despite this argument, Plaintiff's motion repeatedly confirms that Plaintiff is well aware that Corizon does in fact dispute the amount it purportedly owes Plaintiff—the core factual issue in this case—and that the sole basis for its motion is the procedural argument that an MCL 600.2145 Affidavit should have been attached to Corizon's Answer. *Id.* at 13 (acknowledging that Corizon disputed the amount owed in its Answer); *id.* at 17–18 (same).

By its concurrent Motion to Amend, Corizon has now filed a proposed amended Answer that includes the MCL 600.2145. Affidavit on which Plaintiff's Motion is staked. Should the Court grant Corizon's Motion to Amend, the purported procedural defect identified by Plaintiff will be cured, and its Motion for Summary Judgment mooted.

Indeed, that is exactly what happened in a nearly identical case before this very Court. In *Mersen USA—Midland-MI, Inc. v. Graphite Machining Servs. & Innovations, LLC*, 2012 WL 3060922 at *1 (E.D. Mich. July 26, 2012) the plaintiff moved for summary judgment based entirely on the defendant's purported failure to include an MCL 600.2145 Affidavit with its answer, and the defendant responded by moving to amend its answer to include an MCL 600.2145 Affidavit. 2012 WL 3060922 at *1 (E.D. Mich. July 26, 2012). The court granted defendant's motion to amend and denied plaintiff's motion for summary judgment, finding it unnecessary to address the plaintiff's argument that the defendant's previous failure to include an MCL 600.2145 Affidavit with its answer entitled the plaintiff to automatic judgment in its favor. *Id.* at *1–5. The same should hold true here, in this nearly identical procedural scenario.

Moreover, *Mersen* and the facts at hand can easily be distinguished from *Klochko Equip. Rental Co. v. Vill. Green Const., L.L.C.*, No. 235599, 2003 WL 21398305, at *2–3 (Mich. Ct. App. June 17, 2003), relied upon by Plaintiff, where

3

a defendant was faced with a motion for summary judgment on an Account Stated claim and failed, either in its original answer or a motion to amend, to include an MCL 600.2145 Affidavit. The facts at hand here look like *Mersen*, not *Klochko*, and Plaintiff's Motion for Summary Judgment should be denied.

## CONCLUSION

For the foregoing reasons, Corizon respectfully submits that Plaintiff's Motion for Summary Judgment should be denied.

                              BUTZEL LONG,

                              Respectfully submitted,

                              By: */s/ Phillip C. Korovisis*
                                   Phillip C. Korovesis (P40579)
                              150 W. Jefferson, Ste. 100
                              Detroit, Michigan 48226
                              (313) 225-7000
                              korovesis@butzel.com
Date: December 20, 2022        Counsel for Defendant

                              Russell B. Morgan (TN Bar No. 20218)
                              *(pro hac vice admission to be requested)*
                              BRADLEY ARANT BOULT CUMMINGS LLP
                              Roundabout Plaza
                              1600 Division Street, Suite 700
                              Nashville, TN 37203
                              615.252.2311 (phone)
                              615.252.6311 (fax)
                              rmorgan@bradley.com
                              Counsel for Defendant

## **CERTIFICATE OF SERVICE**

I hereby certify that on December 20, 2022, a copy of the foregoing was filed electronically with the Clerk's office by using the CM/ECF system and served upon all counsel of record. Parties may also access this filing through the Court's ECF system.

　　　　　　　　　　　　　　　　　　　　 /s/ *Phillip C. Korovesis*
　　　　　　　　　　　　　　　　　　　　Phillip C. Korovesis (P40579)

100136379