UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF MICHIGAN

BLUE CROSS BLUE SHIELD OF MICHIGAN,

    Plaintiff,

v

CORIZON HEALTH INCORPORATED,

    Defendant.

Case No. 22-cv-11598

Hon. Mark A Goldsmith

_____/

| | |
|---|---|
| Gabe Sybesma (P66632) | Phillip C Korovesis (P40579) |
| Paul Wilk Jr (P83691) | Attorney for Defendant |
| Attorneys for Plaintiff | 150 W Jefferson, Suite 200 |
| One Woodward Avenue, Suite 2400 | Detroit, MI 48226 |
| Detroit, MI 48226-5485 | (313) 225-7000 |
| (313) 965-7848 | korvesis@butzel.com |
| gabe.sybesma@kitch.com | |
| paul.wilk@kitch.com | |

_____/

## PLAINTIFF'S REPLY BRIEF REGARDING PLAINTIFF'S MOTION FOR SUMMARY JUDGEMENT

LOCAL RULE CERTIFICATION: I, Gabe Sybesma, certify that this document complies with Local Rule 5.1(a), including: double-spaced (except for quoted materials and footnotes); at least one inch margins on the top, sides, and bottom; consecutive page numbering; and type size of all text and footnotes that is no smaller than 10-1/2 characters per inch (for non-proportional fonts) or 14 point (for proportional fonts). I also certify that it is the appropriate length. Local Rule 7.1(d)(3).

                     */s/ Gabe Sybesma*
                     Gabe Sybesma (P66632)

## REPLY TO DEFENDANT'S COUNTER STATEMENT OF MATERIAL FACTS ("STATEMENT OF ISSUES PRESENTED")[1]

**1)** Whether Plaintiff is entitled to judgment in this action based entirely on the fact that an affidavit under MCL 600.2145 was not attached to Corizon's Answer?

    a. Plaintiff states that for this reason and other reasons discussed in its Motion for Summary Judgement, the answer is "yes".

**2)** Whether Plaintiff's motion is rendered moot by the proposed amendment requested as part of Corizon's concurrently filed Motion to Amend?

    a. Plaintiff states that Defendant's Motion to Amend should be denied and therefore, the answer is "no".

---

[1] Of note, Defendant did not provide a "Counter Statement of Material Facts" as is required by the Court's Case Management and Scheduling Order; however, Defendant did provide new "Issues Presented" and Plaintiff is responding to these new issues.

Kitch Drutchas Wagner Valitutti & Sherbrook
ATTORNEYS AND COUNSELORS
ONE WOODWARD AVENUE, SUITE 2400
DETROIT, MICHIGAN 48226-5485
(313) 965-7900

**INTRODUCTION**

Defendant responded to Plaintiff's Motion for Summary Judgment and argued that Plaintiff's Motion is a "procedural technicality" and that this Motion should be denied because Defendant has just now provided an Affidavit. However, Defendant has entirely missed the point of Plaintiff's Motion and in its Response, Defendant still failed to provide any actual evidence to support its alleged defenses. Furthermore, Plaintiff anticipates that Defendant's Motion to Amend will be denied as Defendant failed to abide by this Court's Scheduling Order and the Federal Rules of Civil Procedure when seeking leave to amend. Therefore, Plaintiff is entitled to judgment as a matter of law and requests that this Court grant this Motion and enter a judgment against Defendant in the amount of $3,410,136.51.

**I. Plaintiff anticipates that Defendant's Motion to Amend will be denied as untimely and therefore, Plaintiff's Motion for Summary Judgment should be granted.**

As is discussed at length, in Plaintiff's Response to Defendant's Motion to Amend, which is being filed concurrently with this Reply Brief, Defendant has failed to comply with this Court's Case Management and Scheduling Order in its request for leave to amend a pleading. Defendant failed to provide "good cause" for its 6 month delay in providing an affidavit and clearly only filed this Motion to Amend in response to Plaintiff's Motion for Summary Judgment. Therefore, Plaintiff anticipates that Defendant's Motion to Amend will be denied and Defendant will

Kitch Drutchas Wagner Valitutti & Sherbrook
ATTORNEYS AND COUNSELORS
ONE WOODWARD AVENUE,
SUITE 2400
DETROIT, MICHIGAN
48226-5485

(313) 965-7900

have failed to provide an affidavit disputing the amount owed as is required by MCL 600.2145.

Under MCL 600.2145, when a plaintiff bringing an account stated claim makes an affidavit of the amount due and attaches to the affidavit a copy of the account and serves the defendant with the copy of the account, the affidavit, and the complaint, the affidavit "shall be deemed prima facie evidence of indebtedness, unless the defendant with his answer, by himself or agent, makes an affidavit and serves a copy thereof on the plaintiff or his attorney denying the indebtedness". MCL 600.2145.

Here, the only argument raised in Defendant's Response is the fact that it has now supplied an Affidavit along with its Motion to Amend. However, when this Motion is denied; Defendant's Response will no longer carry any weight. Defendant attempts to distinguish the current case from the *Klochko* case, but that distinction is meaningless as the Motion to Amend should be denied and the Affidavit rejected. Upon rejection of the Affidavit, Defendant has no evidentiary support for its defenses and Plaintiff is entitled to judgment as a matter of law.

**II. Even if Defendant's Motion to Amend is granted; Defendant will still have failed to provide any evidence to dispute the amount owed to Plaintiff.**

In the unlikely event that Defendant is granted leave to amend its Answer, Plaintiff's Motion for Summary Judgment should still be granted. Throughout Defendant's Response, Defendant argues that all it needs to do is provide an affidavit

Kitch Drutchas
Wagner Valitutti &
Sherbrook
ATTORNEYS AND
COUNSELORS
One Woodward Avenue,
Suite 2400
Detroit, Michigan
48226-5485

(313) 965-7900

4

in response to Plaintiff's Affidavit. This is a mischaracterization of Plaintiff's arguments and of an Account Stated claim. When looking at the untimely Affidavit of Mr. Isaac Lefkowitz, it is clear that Defendant has still failed to provide any evidence to dispute the amount it owes to Plaintiff. Defendant would like the Court to believe that this is merely a procedural issue. However, this is not a procedural issue at all, this is an evidentiary issue and Defendant has no evidence to support its defenses.

As is discussed in Plaintiff's Motion, this Court in, *Exide Techs. v. Kmart Corp.*, No. 07-CV-11269, 2009 U.S. Dist. LEXIS 42618 (E.D. Mich. May 20, 2009) (**MSJ Ex G**) accepted the Michigan Court's ruling that an affidavit or some type of documentary evidence is required when it comes to an Account Stated claim. The Michigan Court of Appeals has further expanded upon the statute and held that such a claim, "can be proven through evidence of an express understanding, or words and acts, and the necessary and proper inferences thereon." *Keywell* at 331. A plaintiff must prove that the defendant "expressly accepted bills tendered by paying them or failed to object to them within a reasonable time." *Id*. In other words, the Court requires both sides to produce accrual evidentiary support for its claims and defenses.

Upon review of Mr. Lefkowitz's untimely Affidavit, it is clear that this Affidavit was made in direct response to Defendant's Motion. (**Defendant's Ex. 1**)

Kitch Drutchas
Wagner Valitutti &
Sherbrook
ATTORNEYS AND
COUNSELORS
ONE WOODWARD AVENUE,
SUITE 2400
DETROIT, MICHIGAN
48226-5485

(313) 965-7900

Mr. Lefkowitz mentions the November 15th Facilitation and claims that Defendant, all of a sudden, needs to perform audits of these invoices. (**Def. Ex. 1 at ¶ 3-6**) This Affidavit does not raise any actual defenses to Plaintiff's claims. Mr. Lefkowitz does not describe some billing error or actual issue with Plaintiff's claims, but instead is attempting to prolong litigation by claiming that Defendant needs more time to analyze Plaintiff's claims. This is not an actual defense nor is it evidence to support a defense. Therefore, even if this Affidavit is allowed, Defendant still has no evidence or defense to deny Plaintiff's Account Stated claim.

Not only has Defendant violated the statutory period to object to Plaintiff's claims, but Defendant's request for an audit is also untimely. (**MSJ Ex. A at p. 3 & 5**) The Contract provides that Defendant shall notify Plaintiff of any disputed claims within "60 days of access to a paid claims listing". (**MSJ Ex. A at p. 3**) Defendant did not follow this process and did not dispute any of the invoices at issue.

Furthermore, the Contract has a detailed process for auditing the claims processed by Plaintiff. (**MSJ Ex. A at p. 5**) Defendant requested yearly audits and Plaintiff complied with these requests. A total of 4 audits were performed and all information was provided to Defendant after each audit. The final audit covered July of 2020 through September of 2021, which is the period that Mr. Lefkowitz now claims needs to be audited. Ironically, all prior audits were requested by Defendant

Kitch Drutchas Wagner Valitutti & Sherbrook
ATTORNEYS AND COUNSELORS
ONE WOODWARD AVENUE, SUITE 2400
DETROIT, MICHIGAN 48226-5485
(313) 965-7900

and Defendant has previously signed off on all of this information when it was provided to Defendant.

Any additional audit of this period would be violating the Contract, which states, "audits shall not occur more frequently than once every twelve months and shall not include claims from previously audited periods". (**MSJ Ex. A at p. 5**) This language is clear and unambiguous and no further audits are allowed under the Contract. Defendant has failed to abide by the timing requirements of the Contract, just as it has ignored the timing requirements of MCL 600.2145 and of those set forth in this Court's Case Management and Scheduling Order.

In short, even if Mr. Lefkowitz's Affidavit is accepted, it still fails to raise a valid defense or provide any evidence to dispute the amount owed to Plaintiff. Defendant waited 6 months to provide any information relating to the alleged dispute and now Defendant's only claim is its supposed need for an audit, which would be in direct violation of the Contract. This is not a defense nor is it actual evidence of a purported defense. This is a stall tactic to delay this lawsuit, while Defendant undertakes steps towards a non-judicial bankruptcy. For that reason, Defendant has failed to properly respond to Plaintiff's Account Stated claim, no genuine issue of material fact exists, and Plaintiff is entitled to judgment as a matter of law.

**Kitch Drutchas Wagner Valitutti & Sherbrook**
ATTORNEYS AND COUNSELORS
ONE WOODWARD AVENUE, SUITE 2400
DETROIT, MICHIGAN 48226-5485

(313) 965-7900

          Respectfully submitted,

          KITCH DRUTCHAS WAGNER
          VALITUTTI & SHERBROOK


          /s/ *Gabe Sybesma*
       By:_____
          Gabe Sybesma (P66632)
          Paul Wilk Jr (P83691)
          Attorneys for Plaintiff
          One Woodward Avenue, Suite 2400
          Detroit, MI 48226-5485
          (313) 965-7848

Dated: January 3, 2023

## **DECLARATION OF SERVICE**

   The undersigned certifies that on January 3, 2023 a copy of Plaintiff's Reply Brief was served upon all attorneys/parties to the above cause by electronic filing with the Clerk of the Court using the E-File and E-Serve System which will send notification of such filing to the foregoing.

   I declare under the penalty of perjury that the statement above is true to the best of my information knowledge and belief.

            /s/ *Paul Wilk Jr*
            Paul Wilk Jr

**Kitch Drutchas Wagner Valitutti & Sherbrook**
ATTORNEYS AND COUNSELORS
ONE WOODWARD AVENUE,
SUITE 2400
DETROIT, MICHIGAN
48226-5485

(313) 965-7900

8