## UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF MICHIGAN
## SOUTHERN DIVISION

BLUE CROSS BLUE SHIELD OF
MICHIGAN,

      Plaintiff,

v.

CORIZON HEALTH, INC.,

      Defendant,

**CASE NO. 22-cv-11598**

**HON. MARK A. GOLDSMITH**

## CORIZON HEALTH, INC.'S REPLY BRIEF IN FURTHER SUPPORT OF ITS MOTION TO AMEND ANSWER

## <u>TABLE OF CONTENTS</u>

**ISSUE PRESENTED** ............................................................................... ii

**INDEX OF AUTHORITIES** ................................................................. iii

**ARGUMENT** ...........................................................................................1

   **I. DEFENDANT SHOULD BE GRANTED LEAVE TO AMEND ITS ANSWER TO INCLUDE AN MCL 600.2145** ..................................................1

**CONCLUSION** .......................................................................................5

i

## <u>ISSUE PRESENTED</u>

1. Whether Corizon should properly be granted leave to amend its Answer pursuant to Federal Rule of Civil Procedure 15(a)(2).

   Corizon believes the answer is "yes."

# <u>INDEX OF AUTHORITIES</u>

**Cases**

*Cf. Andretti v. Borla Performance Indus., Inc.*,
   426 F.3d 824 (6th Cir. 2005) ..................................................................................2

*Leary v. Daeschner*,
   349 F.3d 888 (6th Cir. 2003) ..................................................................................1

*Mersen USA – Midland-MI Inc.*
   *v. Graphite Machining Services and Innovations, LLC*,
   2012 WL 3060922 (E.D. Mich. July 26, 2012)................................................3, 4

**Rules and Statute(s)**

Federal Rule of Civil Procedure 15(a)(2) ................................................................ ii

MCL 600.2145 ..……………………………………………………………1, 4

Defendant Corizon Health, Inc. ("Defendant" or "Corizon") submits this Reply Brief in Further Support of Its Motion to Amend Answer.[1]  For the reasons set forth below and in Defendant's opening brief, Corizon respectfully believes that the Court should grant Defendant's motion.

## ARGUMENT

## I.   DEFENDANT SHOULD BE GRANTED LEAVE TO AMEND ITS ANSWER TO INCLUDE AN MCL 600.2145 AFFIDAVIT.

Plaintiff in this case has moved for summary judgment based entirely on the procedural argument that Defendant did not attach an MCL 600.2145 Affidavit to its Answer.  By the instant motion, filed concurrently with Defendant's opposition to Plaintiff's summary judgment motion, Defendant seeks leave to amend that Answer to supply the purportedly missing affidavit.  None of the arguments presented in Plaintiff's twenty-page opposition brief to this simple motion demonstrates why Defendant should not be permitted to do so.

*First*, the Court's entry of the Case Management and Scheduling Order does not foreclose Defendant from seeking leave to amend its Answer.  The sole authority cited in support of Plaintiff's characteristically technical argument to the contrary— indeed, the sole additional authority cited in ***the entirety of Plaintiff's opposition brief***—is inapposite.  In *Leary v. Daeschner*, (6th Cir. 2003) an employment

---

[1] Capitalized terms not otherwise defined herein have the meaning ascribed to them in Defendant's opening brief.

1

discrimination case, the plaintiff sought leave to amend its complaint ***in order to add***

***wholly new claims after the case had been substantially litigated***, including through

dispositive motion practice.[2]   The circumstances here could not be more different.

Not only is this case far less procedurally advanced —as of this writing, it is nearly

two months before the close of fact discovery—but also Defendant's proposed

amendment simply substantiates what was already presented in Defendant's prior

answer and accordingly changes nothing about this litigation or the Court's schedule,

with which Defendant has been and will continue to be in total compliance.   *Cf.*

*Andretti v. Borla Performance Indus., Inc*., 426 F.3d 824, 830 (6th Cir. 2005) ("The

primary measure of Rule 16's 'good cause' standard is the moving party's diligence

in attempting to meet the case management order's requirements.").   In short, "good

cause" plainly exists to permit Defendant to make this minor modification to its

Answer, and nothing in Planitiff's opposition brief demonstrates otherwise.

   *Second*, Plaintiff's various suggestions that Defendant has made this motion

in bad faith or with a dilatory motive are meritless.   As an initial matter, Plaintiff

---

[2] *See* 349 F.3d 888, 909 (6th Cir. 2003) (noting that plaintiff sought leave to amend "nine months after the district court's grant of summary judgment on Plaintiffs' First Amendment retaliation claims, eight months after the district court dismissed most of the claims in the first amended complaint, seven months after we issued an opinion in this case agreeing with the district court that Plaintiffs received sufficient pre-deprivation process, one month after the district court dismissed the interference and emotional distress claims from the first amended complaint, and one month after Daeschner filed his last summary judgment motion to dismiss Plaintiffs' sole remaining claim for punitive damages.").

cites no authority for this proposition, or points to any evidentiary basis for such a hollow claim, and the authority opposing it already appears in Defendant's opening brief: *Mersen USA – Midland-MI Inc. v. Graphite Machining Services and Innovations,* where this very Court analyzed a motion virtually identical to the one now before the Court, analyzed the issue of bad faith and dilatory motive, and granted defendant's motion after concluding that the plaintiff had already been made "fully aware of the defenses and supporting allegations in the original answer" and the amendment "simply add[ed] detail to the damages [defendant] already claimed were owed and evidentiary support for these already-known allegations." 2012 WL 3060922 at *2 (E.D. Mich. July 26, 2012).  That is exactly the case here:  As demonstrated in Defendant's opening brief, Plaintiff has been on notice from this litigation's inception that Defendant disputes the amount Plaintiff claims is owed; the affidavit Defendant seeks to add merely adds evidentiary support to that well-established dispute.

*Third*, Plaintiff's argument that Defendant's proposed amendment is futile similarly fails.  Again, Plaintiff offers no authority in support of this proposition, and, in its absence, *Mersen*, which analyzed the issue of futility, is controlling. Plaintiff attempts to wave *Mersen* away by suggesting the Court in that case "allowed the affidavit because of the immense impact it had on the case."  ECF No. 20 at 19.  But that proposition appears nowhere in the Court's opinion—there is no

3

"immense impact" standard a defendant must meet in order to attach an MCL 600.2145 Affidavit to an answer.  To the contrary, as the actual text of the case explains, "[i]n analyzing futility on an affirmative defense, the Court must take defendants allegations as true, and if a defendant has pleaded allegations that indicate the defense may apply, then the amendment is not futile."  2012 WL 3060922 at *3.   That standard—the one that governs this motion, rather than Plaintiff's wishful thinking—is exactly what Defendant has met here.

Simply put, this motion is not complicated.  Plaintiff has moved for summary judgment based on a procedural technicality.  Defendant seeks to amend its answer to cure the purported issue, just as the defendant sought (and was allowed) to do in *Mersen*.  Defendant's motion should be granted here just as it was there.

I, Phillip C. Korovesis, certify that this document complies with Local Rule 5.1(a), including: double-spaced (except for quoted materials and footnotes); at least one inch margins on the top, sides, and bottom; consecutive page numbering; and type size of all text and footnotes that is no smaller than 10-1/2 characters per inch (for non-proportional fonts) or 14 point (for proportional fonts). I also certify that it is the appropriate length. Local Rule 7.1(d)(3).

## CONCLUSION

For the foregoing reasons, as well as those set forth in Defendant's opening memorandum, Defendant respectfully submits that Defendant's motion to amend should be granted.

<div style="margin-left:40%">

BUTZEL LONG,

Respectfully submitted,

By: */s/ Phillip C. Korovisis*
    Phillip C. Korovesis (P40579)
150 W. Jefferson, Ste. 100
Detroit, Michigan 48226
(313) 225-7000
korovesis@butzel.com
Counsel for Defendant

Russell B. Morgan (TN Bar No. 20218)
*(pro hac vice admission to be requested)*
BRADLEY ARANT BOULT CUMMINGS LLP
Roundabout Plaza
1600 Division Street, Suite 700
Nashville, TN 37203
615.252.2311 (phone)
615.252.6311 (fax)
rmorgan@bradley.com
Counsel for Defendant

</div>

Date: January 10, 2023

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that on January 10, 2023, a copy of the foregoing was filed electronically with the Clerk's office by using the CM/ECF system and served upon all counsel of record.  Parties may also access this filing through the Court's ECF system.

<div style="text-align: right;">

*/s/ Phillip C. Korovesis*
Phillip C. Korovesis (P40579)

</div>

100163549